IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

LINDA SMEDLEY, as Administratrix of
THE ESTATE OF EARL ELTON SMEDLEY,

    Plaintiff,

v.                                CIVIL ACTION NO. 3:06CV104

RUSSELL LYNN BREWER, and
MSM TRUCKING, INC.,
d/b/a WOMCO TRUCKING,

    Defendants.

## ORDER APPROVING WRONGFUL DEATH SETTLEMENT

On the 11th day of February, 2008, came the parties, Plaintiff, Linda Smedley, as Administratrix of the Estate of Earl Elton Smedley, in person and by counsel, Richard G. Gay, Esquire, Nathan P. Cochran, Esquire, and Clinton Ritter, Esquire, Defendants by counsel, Lucien Lewin, Esquire, and Jason Foster, Esquire. All potential beneficiaries appeared in person, with the exception of Regina Jewell, who appeared by telephone, and Robert Smedley, who appeared by his Power of Attorney, Wayne Smedley. Dale Buck, Esquire, also appeared as counsel for potential beneficiaries Wayne Smedley and Susan Grim.

The Court was informed by counsel of the parties that all matters in controversy herein have been settled.

The parties thereupon moved the Court to approve the settlement of this case, ascertain the identity of the beneficiaries of the wrongful death settlement, pursuant to West Virginia Code

§55-7-6, 55-7-7, and related statutes, and to determine the distribution of the net settlement proceeds among the potential beneficiaries.

Whereupon, the Court inquired as to the settlement terms, and as to persons who may have an interest under the aforementioned statutes. The Court heard representation from Plaintiff's counsel, Nathan P. Cochran, Defense counsel, Lucien Lewin, and Dale Buck, counsel for Wayne Smedley and Susan Grim.

The Court was advised of the identity of those persons who were potentially interested in the wrongful death net proceeds as the following individuals:

| a. | Linda Smedley | Mother / Administratrix |
| b. | Angela Smith | Full sister (same mother and father) |
| c. | Doraine Page | Half sister (same mother) |
| d. | Joan Reynolds | Half sister (same mother) |
| e. | Daniel Reynolds | Half brother (same mother) |
| f. | Sue Grim | Half sister (same father) |
| g. | Regina Jewel | Half sister (same father) |
| h. | Wayne Smedley | Half brother (same father) |
| i. | Robert Smedley | Half brother (same father) |

The Court was informed that all potential beneficiaries had been noticed and informed of the hearing either personally or through their representative, and had been given the opportunity to appear and participate.

Whereupon, the Court heard representation from counsel regarding their positions as to the potential beneficiaries of the estate and the distribution of proceeds. Further, the Court allowed all potential beneficiaries to address the Court and gave them the opportunity to present their positions to the Court. Several of the beneficiaries addressed the Court regarding their

relationship to the decedent, including Regina Jewell, Angela Smith, Sue Grim, and Linda Smedley.

Further, counsel for the Estate made the Court aware that the decedent's life insurance policy had provided the sum of $180,000 to potential beneficiary Wayne Smedley. The counsel for the estate suggested that an offset in the distribution of estate assets may be appropriate with regard to the beneficiaries of the life insurance proceeds, to which counsel for Wayne Smedley objected.

WHEREUPON, after having considered the facts of the case, the Verified Petition for Approval of Wrongful Death Settlement filed by estate counsel, the representation of all counsel present, the representations of all potential beneficiaries who addressed the Court, the terms of the settlement, and all other relevant matters, the Court ruled as follows:

The Court hereby approves the settlement as set forth in the Verified Petition for Approval of Wrongful Death Settlement, and further approves the attorneys' fees in the amount of $225,000 to be payable to the attorneys for the Plaintiff, and costs at $38,282.79 to be reimbursed to Linda Smedley as Administratrix for the Estate of Earl Elton Smedley, as set for in the Petition, and the distribution of the net estate proceeds in the amount of $486,717.21 as set forth in this Order.

The Court concludes that while the statutes (West Virginia Code §55-7-6, 55-7-7) are not clear as to whether half brothers and sisters are beneficiaries under the statute, the Court rules that half siblings are entitled to a share of the net estate proceeds under the aforementioned West Virginia code sections.

The Court further orders that there shall be no offset for the life insurance proceeds received by certain beneficiaries of the decedent, namely Wayne Smedley.

The Court orders distribution of the $486,717.21 net estate proceeds in the amount of 50% to Linda Smedley, the decedent's mother, who was more dependant upon the decedent than any of the other potential beneficiaries, and that the remaining 50% of the net estate proceeds be divided equally between the eight (8) siblings of the decedent, Earl Elton Smedley. The Court notes that none of the eight (8) siblings were financially dependant upon the decedent. The following table shows the distribution of the net estate proceeds:

| Linda Smedley | $243,358.61 |
| Angela Smith | $30,419.83 |
| Doraine Page | $30,419.83 |
| Joan Reynolds | $30,419.83 |
| Daniel Reynolds | $30,419.83 |
| Sue Grim | $30,419.83 |
| Regina Jewel | $30,419.83 |
| Wayne Smedley | $30,419.83 |
| Robert Smedley | $30,419.83 |

The estate beneficiaries are free to consider receiving their individual shares in the form of an annuity, which information will be provided to them by the insurance company representatives.

The Administratrix is authorized to pay all attorneys' fees and related costs from the settlement proceeds, to execute and deliver a release of all claims to the Defendants and distribute the net estate proceeds in accordance with the terms of this Order, and to take such further steps necessary to finalize the resolution of this case.

The parties will prepare a Final Order of Dismissal to be submitted to the Court.

Hearing no objections, the Court ORDERS the wrongful death settlement approved as set forth herein.

The Clerk is directed to transmit copies of this Order to all counsel of record.

It is so ORDERED.
DATED: 2-25-2008

JOHN P. BAILEY
UNITED STATES DISTRICT JUDGE